UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:19-cr-00009-JAW |
| | ) | |
| WILLIAM STEWART | ) | |

**ORDER ON DEFENDANT'S SECOND MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

A criminal defendant moves for a second thirty-day extension on his time to file a notice of appeal. The Court concludes that it cannot grant this motion despite good cause or excusable neglect because criminal defendants are only allowed one thirty-day extension from the original time within which to file a notice of appeal in a criminal case. Nevertheless, by the Court's calculation, the defendant is still within his extended appeal period and may file a timely notice of appeal, but he must act quickly.

**I.  BACKGROUND**

On February 6, 2020, this Court sentenced William Stewart to eighty months of imprisonment, a ten-year term of supervised release, $63,000 in restitution, and a $100 assessment, and the Court issued a judgment the same day. *J.* (ECF No. 51). Under Federal Rule of Appellate Procedure 4(b)(1), Mr. Stewart's notice of appeal was due by February 20, 2020. FED. R. APP. P. 4(b)(1) ("within 14 days after the . . . entry of . . . judgment"). On February 12, 2020, within the fourteen-day period Rule 4 provides, Mr. Stewart filed a motion for extension of time to file a notice of appeal, requesting "an additional 30 days to file a notice of appeal." *Def.'s Mot. for Extension*

1

*of Time to file Notice of Appeal* at 1 (ECF No. 53) (*Def.'s Mot.*). The Court granted this motion the same day. *Order Granting Mot. to Extend Time to File Notice of Appeal* (ECF No. 54).

On March 10, 2020, Mr. Stewart filed a second motion to extend his time to file a notice of appeal, relying on Federal Rule of Appellate Procedure 4(b)(4). *Def.'s Second Mot. for Extension of Time to File Notice of Appeal* (ECF No. 55). His counsel explained that Mr. Stewart "is indigent and no longer able to retain undersigned counsel in this matter." *Id.* at 1. Furthermore, counsel observed that his "transfer from Somerset County Jail to Federal Correctional Institution Loretto" (FCI Loretto) has delayed his counsel's ability to obtain Mr. Stewart's sworn and signed financial affidavit to proceed in forma pauperis. *Id.* at 1-2. On March 12, 2020, Mr. Stewart filed a supplemental memorandum to his second motion to extend in which his counsel explained that FCI Loretto returned Mr. Stewart's financial affidavit unsigned because Mr. Stewart is still awaiting transfer from Brooklyn, New York, to FCI Loretto and "is not currently at FCI Loretto." *Suppl. Mem. to Def.'s Second Mot. for Extension of Time to File Notice of Appeal* at 1 (ECF No. 56).

## II.   LEGAL STANDARD

Federal Rule of Appellate Procedure 4(b) states that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." FED. R. APP. P. 4(b)(1)(A). "Upon a finding of excusable neglect or good cause, the district court may . . . extend the time

to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." FED. R. APP. P. 4(b)(4).

## III. DISCUSSION

The First Circuit has held that, pursuant to Rule 4(b), criminal defendants have, at most, the original number of days plus one thirty-day extension for excusable neglect or good cause to file a timely of appeal. *See United States v. Rapoport*, 159 F.3d 1, 2-3 (1st Cir. 1998) (stating that criminal defendants have "a maximum of forty[-four] days" to file a timely notice of appeal); *see also United States v. Ellis*, No. 97-44-B-S, 01-22-B-S, 2001 WL 1273738, at *3 (D. Me. Oct. 22, 2001). It follows that "[c]ourts cannot extend the time period beyond the forty[-four]-day time period prescribed by Rule 4(b)." *Rapoport*, 159 F.3d at 2-3 (quoting *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984)).[1] Regrettably, Mr. Stewart's second motion to extend his time to file a notice of appeal would extend his total time period beyond the forty-four-day time period allowed by Rule 4(b). For this reason, the Court cannot grant this motion.

If Mr. Stewart acts promptly, however, there is still time for him to file a notice of appeal under the Court's extension order. Again, the Court issued judgment on February 6, 2020, and under Rule 4, the time for appeal began to run on February 7, 2020. Thus, the original time for appeal would have expired on February 20, 2020. On February 12, 2020, the Court granted Mr. Stewart's motion for an "additional 30

---

[1] In 2009, Federal Rule of Appellate Procedure 4(b)(1)(A) and (b)(3)(A) was amended to expand the number of days within which an appeal must be taken from ten to fourteen. FED. R. APP. P. 4 advisory committee's note to 2009 amendment. The Court altered the language in these pre-2009 cases to reflect the current version of Rule 4(b).

3

days to file a notice of appeal." *Def.'s Mot.* at 1. In the Court's view, the Court ordered that Mr. Stewart would have an additional thirty days, starting on February 21, 2020, the day after the expiration of the original period. This means that the appeal period from the Court's judgment does not expire until Monday, March 23, 2020.[2] *See* FED. R. APP. P. 26(a)(1)(C) (stating that if the last day of a period is a Saturday, Sunday, or legal holiday—such as here, where the last day is Saturday, March 21, 2020—"the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). But it will expire then.

IV. **CONCLUSION**

The Court DISMISSES without prejudice the Defendant's Second Motion for Extension of Time to File Notice of Appeal (ECF No. 55).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of March, 2020

---

[2] If Mr. Stewart misses this date, he may still have redress not in this Court but in the First Circuit. *See United States v. Reyes-Santiago*, 804 F.3d 453, 457-58 (1st Cir. 2015) (discussing *Eberhart v. United States*, 546 U.S. 12, 13 (2005), and *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011), and holding that time limits in Rule 4(b) may be waived or forfeited by the opposing party). But hopefully, he will quickly file a timely appeal.

4